a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CEDRIC J. SMITH,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1470-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Cedric J. Smith ("Smith") (#07790-035). Smith is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Smith challenges his conviction and sentence under 28 U.S.C. § 924(c).

Because Smith cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I.  **Background**

Smith is serving "five consecutive sentences totaling 1,020 months for carrying and using a firearm during crimes of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2." (Case No. 19-30678, 5th Cir.). The convictions "relate to a spree of armed bank robberies in and around Shreveport, Louisiana in the spring of 1990." *United States v. Smith*, 91-CR-50088, 2019 WL 475016, at *1 (W.D. La. Feb. 6, 2019).

Smith filed a motion under 18 U.S.C. § 3582(c)(2) that was recharacterized as a § 2255 motion. The motion was ultimately dismissed. (Case No. 18-30646, 5th Cir., ECF No. 00514583716).

Thereafter, Smith filed a motion to vacate under § 2255, arguing "that his section 924(c) convictions and sentences are improper because 'bank robbery is not categorically a crime a violence'" under *Johnson v. United States*, 135 S.Ct. 2551 (2015). *United States v. Smith*, 91-CR-50088, 2019 WL 475016, at *2 (W.D. La. Feb. 6, 2019). Noting that bank robbery is a crime of violence pursuant to the elements clause of section 924(c), not the residual clause, the Court denied the motion. *Id.*

Smith filed another motion to vacate under § 2255, "challenging the sentences in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held that the residual clause of the crime of violence definition in § 924(c)(3)(B) is unconstitutionally vague." (Case No. 19-30678, 5th Cir.; ECF No. 00515142901). The district court denied the motion and sent it to the United States Court of Appeals for the Fifth Circuit because Smith was required to obtain prior authorization to file a second or successive § 2255 motion. (Case No. 91-CR-50088, ECF No. 293). The Fifth Circuit denied authorization because Smith's predicate crimes of violence—aggravated bank robberies under 18 U.S.C. § 2113(a) and (d)—remain crimes of violence under the elements clause of § 924(c)(3)(A) notwithstanding *Davis*. (Case No. 5:91-CR-50088, ECF No. 294).

II.  **Law and Analysis**

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Because Smith has previously filed a § 2255 motion, he cannot file another § 2255 motion without authorization from the Fifth Circuit, which has been denied. (Case No. 5:91-CR-50088, ECF No. 294).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or

3

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To satisfy the savings clause of § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904.

Smith argues that his conviction is unconstitutional because *Davis* held that the residual clause of the crime of violence definition in § 924(c)(3)(B) is unconstitutionally vague. However, as the Fifth Circuit concluded in denying Smith's request to file a second or successive § 2255 motion, Smith's predicate crimes of violence were aggravated bank robberies under 18 U.S.C. § 2113(a) and (d), which satisfy the elements clause of § 924, and do not fall under the unconstitutional residual clause. Thus, Smith does not have a claim for relief under *Davis* and cannot satisfy the savings clause to proceed under § 2241.

III. Conclusion

Because Smith cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH

PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Smith's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_7th\_ day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE